Lenny DAVIS, Plaintiff,

v.

**William R. HARRIS, individually and in his official capacity as Campus Security Investigator at Oregon State University, and the Oregon State Board of Higher Education, and the County of Benton, Oregon, Defendants.**

No. 83–500.

United States District Court,
D. Oregon.

Aug. 23, 1983.

---

Carl R. Neil, Rick T. Haselton, Lindsay, Hart, Neil & Weigler, Portland, Or., Harold S. Harding, Brown & Harding, Corvallis, Or., for plaintiff.

Dave Frohnmayer, Atty. Gen., Pamela L. Abernethy, Asst. Atty. Gen., Dept. of Justice, Salem, Or., for defendants William R. Harris and Oregon State Board of Higher Educ.

Robert E. Franz, Jr., Eugene, Or., for defendant Benton County.

PANNER, District Judge.

Plaintiff Davis is a former student at Oregon State University ("OSU") in Corvallis. Defendant Harris was a Campus Security Investigator at OSU, serving under the authority of defendant Oregon State Board of Higher Education and deputized by the Sheriff's Department of Benton County, Oregon.

At Harris's recommendation, Davis was arrested and charged by the Benton County District Attorney with sexual abuse and harassment of a fellow OSU student. The charges were published in the daily student newspaper, the Barometer. Davis asserts that Harris failed to interview his two alibi witnesses, and but for this failure no charges would have been made. Harris eventually did interview plaintiff's witnesses and reinterviewed the complainant. On the basis of these interviews all charges against Davis were dropped. Plaintiff states that despite the dismissal of the charges against him, he was subject to humiliation by other students and was consequently forced to withdraw from school.

Davis is black. He alleges Harris discriminated against him because of his race in violation of 42 U.S.C. § 1983 by conducting an incomplete investigation of the complainant's accusations and by recommending prosecution on the basis of that inadequate investigation. Plaintiff also alleges negligence under the Oregon Tort Claims Act.

Defendants Harris and the Oregon State Board of Higher Education moved to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b).

Davis concedes that in this situation the Eleventh Amendment immunizes the State Board of Higher Education from action in federal court. Therefore, the complaint against the Oregon State Board of Higher Education is DISMISSED.

Harris argues that the Eleventh Amendment is also a bar for him. I conclude it is not. Harris's motion to dismiss is DENIED.

## DISCUSSION

Harris urges me to decide that the existence of a statute through which a state agrees to indemnify its employees for damages resulting from their nonwilful personal torts extends the state's Eleventh Amendment immunity to its individual employees. His argument runs as follows.

The Eleventh Amendment immunizes states from a citizen's action for damages in federal court. Such actions against state officers acting in their official capacities are likewise barred, but *individuals* may be sued for personal torts committed in the course of their employment. Since *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1973), however, the Eleventh Amendment prohibits *any* ac-

tion against the state or its officials where a money judgment would necessarily be paid from the state treasury.

The Oregon Tort Claims Act, O.R.S. 30.-285, requires the state to indemnify its employees for negligent acts committed in the performance of their duty. Accordingly, any judgment as may be levied against an employee under such circumstances would be paid from Oregon's state funds. In *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345 (9th Cir.1981), *aff'd on another issue sub nom. Kush v. Rutledge*, —— U.S. ——, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983), the Ninth Circuit held the Eleventh Amendment was no bar to a suit against an athletic director and several coaches for their individual negligence. In so holding, however, the court relied on the absence of any provision under Arizona law requiring indemnification of its employees' liability for personal tortious conduct. *Id.* at 1350.

From this, defendant Harris concludes that since any award plaintiff might win against him would be paid from the Oregon state treasury, the suit is barred by the Eleventh Amendment under the authority of *Edelman* and *Rutledge.*

■ Defendant misreads *Edelman* and, consequently, misunderstands the holding in *Rutledge.* In *Edelman*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1973), the Court upheld the district court's issuance of a permanent injunction compelling Illinois state officials to comply with federal time guidelines in administering the federal-state programs of Aid to the Aged, Blind, and Disabled. In addition to this relief, plaintiffs had sought payment of retroactive benefits denied during the period of the state's noncompliance. The Court reversed the portion of the district court's decree which ordered retroactive payment of benefits, stating that any suit against the state for money is barred by the Eleventh Amendment. *Id.* at 663, 94 S.Ct. at 1355. Under *Edelman,* therefore, the Eleventh Amendment prohibits federal courts from *requiring* a state to pay money either in the form of damages or ancillary to injunctive relief. It would contravene constitutional jurisprudence to accept defendant's reading of *Edelman* as support for his argument that any judgment which might potentially, or in any way, impact a state's treasury automatically invokes Eleventh Amendment immunity for individual defendants.

The Eleventh Amendment provides:

The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State.

The Supreme Court has made it clear that state officials, sued in their individual capacities, cannot invoke Eleventh Amendment immunity for personal torts committed in the course of their employment. In *Hopkins v. Clemson Agricultural College,* 221 U.S. 636, 642–43, 31 S.Ct. 654, 656, 55 L.Ed. 890 (1911), the Court stated:

[I]mmunity from suit is a high attribute of sovereignty—a prerogative of the State itself—which cannot be availed of by public agents when sued for their own torts. The Eleventh Amendment was not intended to afford them freedom from liability in any case where, under color of their office, they have injured one of the State's citizens. To grant them such immunity would be to create a privileged class free from liability for wrongs inflicted or injuries threatened. Public agents must be liable to the law, unless they are to be put above the law.

*See also Scheuer v. Rhodes,* 416 U.S. 232, 238, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974) ("[D]amages against individual defendants are a permissible remedy in some circumstances notwithstanding the fact that they hold public office."); *Ford Motor Co. v. Dept. of Treasury of Indiana,* 323 U.S. 459, 462, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945) ("Where relief is sought under general law from wrongful acts of state officials, the sovereign's immunity under the Eleventh Amendment does not extend to wrongful individual action, and the citizen is allowed a remedy against the wrongdoer personally.").

The Ninth Circuit is in accord with this view. *Rutledge v. Arizona Board of Regents,* 660 F.2d 1345, 1349 (9th Cir.1981); *Ronwin v. Shapiro,* 657 F.2d 1071, 1074 (9th Cir.1981).

This circuit has not yet squarely faced, however, the situation where an indemnification statute *requires* a state to pay the money judgments of its employees for their personal torts. The court in *Rutledge* carefully noted that Arizona has no such provision and upheld the district court's exercise of jurisdiction over individually named defendant state employees. *Rutledge,* 660 F.2d at 1350. In *Ronwin v. Shapiro,* 657 F.2d 1071, a case decided contemporaneously with *Rutledge,* the court did discuss the issue generally. There, an action was brought against the *Arizona Law Review* for publishing an article allegedly defaming a person denied membership to the Arizona Bar. The court held the publication to be privileged and dismissed the case. In reaching that conclusion, however, the court addressed the defendant's argument that the Eleventh Amendment barred the action against the individually named law review staff members because they were potentially reimbursable by the state for money judgments against them. Although Arizona law requires its Department of Administration to purchase liability insurance to cover acts and omissions of its state employees, Ariz.Rev.Stat.Ann. § 41–621(A)(3) (1974 & 1983 Supp.), there is no provision that explicitly requires indemnification. Under these circumstances, the court reversed the district court and concluded that the Eleventh Amendment was no bar. *Id.* at 1075. The court noted the " 'incongruous result' that would follow if 'the state, by creating a fund to compensate victims, has somehow extended immunity [to state employees] so as to deny payment to the class on intended beneficiaries.' " *Id.* (quoting *Palmer v. Penn-Ohio Road Materials, Inc.,* 470 F.Supp. 1199, 1203 (W.D.Pa.1979)).

Other courts which have considered whether a state by agreeing unilaterally and voluntarily to indemnify employees for their damages may extend its immunity to them agree with *Ronwin* that the Eleventh

Amendment bar is inapplicable. *See, e.g., Hemphill v. Sayers,* 552 F.Supp. 685, 688 (S.D.Ill.1982); *Sharrieff v. Oregon Bureau of Labor and Industries,* Civ. No. 82–1525–PA, Op. at 3 (D.Or. Apr. 29, 1983) (Panner, J.); *Tommy Pak Hui v. Oregon State Department of Higher Education,* Civ. No. 81–6393E, Op. at 5 (D.Or. Sept. 27, 1982) (Redden, J.); *Broome v. Percy,* 470 F.Supp. 633, 636 (E.D.Wis.1979); *Palmer v. Penn-Ohio Road Materials, Inc.,* 470 F.Supp. 1199, 1203 (W.D.Pa.1979). *But see Perez v. Oregon Health Sciences University Hospital,* Civ. No. 82–373, Op. at 4 (D.Or. Sept. 10, 1982) (Frye, J.).

The reasons for holding the Eleventh Amendment bar inapplicable are clear. The Eleventh Amendment was not adopted to bar actions against public employees sued individually for their personal torts. Absent immunity distinct from the Eleventh Amendment, public employees are liable for their own tortious conduct just as any other citizen. A state may voluntarily choose to indemnify its employees for their damages, but, absent this gratuitous shield the individual employees would be liable personally for any money judgments. Under these circumstances, the federal court is in no way *requiring* the state to pay money out of its state treasury.

## CONCLUSION

The Eleventh Amendment is not a bar to this action against defendant Harris. His motion to dismiss is DENIED.

The Eleventh Amendment is a bar to the action against the State Board of Higher Education. That motion to dismiss is GRANTED.

IT IS SO ORDERED.